LEMMON, Judge
(dissenting).
The majority declines to include permanent alimony as one of the civil effects of a putative marriage that flows to the good faith spouse, essentially holding that, in the absence of a statute, permanent alimony cannot be awarded when the marriage is annulled.[1]
I view the “civil effects” issue in this case as one of right to support, not right to alimony.
During the existence of a valid marriage the husband and wife owe support to each other mutually. C.C. art. 119. Because of this mutual duty to give support, each has the correlative right to receive support from the other.
Support is therefore a civil right flowing from a valid marriage. Permanent alimony, on the other hand, is a statutory right granted to the faultless wife for the purpose of preserving the civil right of support after dissolution of the valid marriage.
I agree with the philosophy underlying the statute which grants the divorced wife continued support in the form of alimony when she was free from fault in the dissolution of the valid marriage. However, I further subscribe to the proposition that a wife who entered in good faith into a marriage with a bigamous spouse should likewise be entitled to continued support as a civil effect of the putative marriage, the invalidity of which she did not cause (at least if she was free from fault during that relationship).
Consider a startling possibility under the majority decision. A bigamous husband enters in bad faith into a marriage when the wife is in good faith. If he tires of supporting his wife, he can defeat his obligation of support by having the marriage annulled. Of if a dissolution of the marriage becomes imminent through the fault of the husband, he can avoid payment of alimony by annulling the marriage. Thus, the majority decision allows a spouse to benefit from his bad faith.
The majority believes that any extension of civil effects should come from the legislature. In my view the legislative function was completed when that body enacted the codal article which granted civil effects to the children and the good faith spouse of a putative marriage. The courts have interpreted C.C. art. 117 and 118 by determining what constitutes civil effects, such as by recognizing legitimacy of children and certain property rights and by denying the putative spouse a right of action for the wrongful death of the other spouse.[2] We are called upon in this case to determine whether or not the right of support is included in the civil effects produced by a putative marriage,[3] which in my opinion is a judicial and not a legislative determination.
The right to receive support should be deemed a civil effect which is produced by the putative marriage in favor of the good faith wife and the children. The judgment should be affirmed.

. See also 54 A.L.R.2d 1410.

. Review of this denial was pretermitted recently in Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972).

. In Smith v. Smith, 43 La.Ann. 1140, 10 So. 248 (1891), which rcognized the marital portion under C.C. art. 2382 as a civil effect, the court stated:
“The words ‘civil effects’ are used without restriction, and necessarily embrace all civil effects given to marriage by the law; . . . such a marriage, ‘although actually null, has the same effects as if it were not null, — the ordinary effects of a valid marriage.’ ”